---

(32 Misc. Rep. 317.)

## In re MILLIKEN'S WILL.

(Surrogate's Court, Otsego County. July, 1900.)

WILLS—ACTION TO REVOKE PROBATE—WHO IS ENTITLED TO SUE.

    Code Civ. Proc. § 2647, authorizes persons interested in an estate to maintain an action to revoke the probate of a will. Section 2514, subd. 11, defines such interested person as including every person entitled, either absolutely or contingently, to share in the estate, except as creditor. A testator, leaving a son as next of kin, devised certain property to a sister for life, who commenced an action to revoke the probate of such will, but died pending suit. Her personal representative claimed that the sister was given an interest in the testator's estate by a former will. *Held*, that the personal representative had no interest in the testator's estate which would authorize him to be substituted as plaintiff in the action commenced by the sister.

Application of Philinda Rhodes for the revocation of the probate of the last will of John L. Milliken, deceased. The applicant having died pending suit, her personal representative makes application to be substituted in her place. Denied.

Costello & Welch, for petitioner.
H. B. Coman and M. H. Kiley, for respondents.

ARNOLD, S. John L. Milliken died on the 6th day of September, 1899. A paper writing purporting to be, and offered as, his last will and testament was admitted to probate by this court on the 11th day of September, 1899. John L. Milliken left him surviving, as his only heir at law and next of kin, his son, Marvin E. Milliken. Marvin E. Milliken died on the 20th day of February, 1900, leaving a last will and testament, which has been offered for probate before the surrogate of Madison county. These proceedings were begun subsequent to the death of Marvin E. Milliken by one Philinda Rhodes. She has since died. The administrator of her estate asks to be substituted as petitioner in her place in these proceedings. The respondents object to this upon the ground that he is not interested in the estate of John L. Milliken, and that he has no right to institute or carry on proceedings under section 2647 of the Code of Civil Procedure. That section provides that "a person interested in the estate of the decedent may" institute these proceedings. Section 2514, subd. 11, defines "person interested" as including "every person entitled, either absolutely or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as a creditor." The interest which a person has in the estate must be a substantial interest, in order that he may make the application. In re Peaslee's Will (Sup.) 25 N. Y. Supp. 942. As was said in the case last cited:

"The fact that he is one of the next of kin is not sufficient, if, by assignment or otherwise, he has disabled himself from sharing in the estate should the will be revoked. The aim of the statute is not to encourage vexatious contests, but to secure to a party who, but for the will, would receive a larger share of the estate than bequeathed to him by it, a year in which to ascertain all the facts concerning its execution, and to determine whether to assume the responsibility of making a contest."

The provision in the will of John L. Milliken, as to Philinda Rhodes, reads as follows:

"I give, devise, and bequeath to my executor hereinafter named the sum of $1,500, in trust, nevertheless, for the following uses and purposes: My said executor is to invest said trust fund of $1,500 by bond and mortgage on unincumbered real estate, or in such manner as he may deem best, and pay the interest thereon semiannually to my sister, Philinda Rhodes, at South Butler, N. Y., during her lifetime; and my said executor is empowered and authorized to use so much of said trust fund as may be necessary for the proper support and care of my said sister, Philinda Rhodes, should she need the same."

It will be seen that the interest of Philinda Rhodes in the will of John L. Milliken died with her. She is not an heir at law or next of kin of John L. Milliken. If the probate of this will should be revoked, this estate would pass through the estate of Marvin E. Milliken, and would be eventually distributed as a part of his estate under the will.

It is claimed by the representatives of Philinda Rhodes that she is given a certain interest in the estate of John L. Milliken by a will executed a short time before the will now under discussion, and that, through her interest in that will, her representative has standing in court in these proceedings. Whether she had, or her estate has, any interest under such a will, is entirely speculative. I do not see how I can consider that in this proceeding. It is not contended that the alleged former will could be offered in evidence in these proceedings. It would be impossible for me, therefore, to hold that she has any interest under a former will entitling her or her representatives to institute and carry on proceedings under said section 2647.

So far as can be seen now, if probate of this will were revoked, the administrator of the estate of Philinda Rhodes would have no interest in the estate of John L. Milliken. As the case now presents itself, the only duty cast upon the administrator of Philinda Rhodes' estate is to collect the amount due that estate from the estate of John L. Milliken at the time of her death. These proceedings are dismissed, upon the ground that the representative of the estate of Philinda Rhodes has no such interest in the estate of John L. Milliken as is required, by said section 2647, to entitle a person to maintain these proceedings. A decree may be entered accordingly.

Decreed accordingly.